**UNITED STATES of America ex rel. Steve Paul BARNOSKY, Petitioner,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania, Respondent.**

**Civ. A. No. 65–173.**

United States District Court
W. D. Pennsylvania.

March 3, 1965.

Walter E. Alessandroni, Harrisburg, Pa., Atty. Gen., for the Commonwealth of Pennsylvania. Ferdinand Bionaz, Dist. Atty. of Cambria County, Ebensburg, Pa., for respondent.

WILLSON, District Judge.

One Steve Paul Barnosky has filed a petition for a writ of habeas corpus which has been referred by the Clerk to the undersigned. Petitioner avers that his petition comes under 28 U.S.C.A. § 2254. The gravamen of the petition is that he did not voluntarily and intelligently enter a plea of guilty to an indictment charging him with the murder of his 18 year old son because the Court did not inform him of the possible defenses that were available to him. Petitioner says that he is in state custody in the Correctional Institution in the Western District of Pennsylvania serving a life sentence and that he has exhausted his state remedies.

The Supreme Court of Pennsylvania in an opinion by Justice Roberts carefully reviewed the factual situation and denied a petition for a writ of habeas corpus. See Barnosky v. Maroney, 414 Pa. 161, 199 A.2d 424, (1964). The Court held that petitioner who was represented by counsel at the time of plea and sentence, " * * * indicated his awareness of the nature of his crime and of the consequences of his plea and the proceedings before the court."

In the application filed pro se petitioner has cited a number of decisions of the Federal Courts. Most of them, however, relate to lack of due process based upon alleged involuntary confessions or are decisions relating to the right to counsel. It is to be observed that this is not a case of a confession being used against petitioner, as he was convicted on his plea. He was represented by two lawyers at the time the plea was entered. Before the State Court and in the instant petition the applicant does not state that he was unaware of the consequences of his plea of guilty. He proceeds on his allegation which is posed in the form of an interrogatory. He states the question raised, "Was petitioner not over reached by the Commonwealth of Pennsylvania, and denied Due Process * * when he was called upon to enter a plea of Guilty, and the court did not satisfy itself whether or not the plea was voluntary or intelligently entered * * *?" It is apparent that petitioner seeks to take advantage of the failure of a State Court record to show the colloquy between the Court and defendant and his counsel at the time the plea was taken. In a nutshell, the complaint here is that the State Court record fails to show that the trial court advised defendant of his constitutional rights before the plea was entered. But Justice Roberts of the Supreme Court of Pennsylvania has covered the point in his opinion. Before petitioner was sentenced he was advised by the Court of the written basis of its finding of murder in the first degree. He had an opportunity to speak to the Court and did so before sentence was pronounced. At that time he knew he had been convicted of murder in the first degree, and he then and there admitted remorse as his only response to the Court's suggestion that he could speak in his own behalf.

The Supreme Court of Pennsylvania has shown that petitioner was not prejudiced by the proceedings before the trial court, and this Court agrees. It should be pointed out that as directed in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the relevant facts have been found by the State Courts, and there is no need of an evidentiary hearing. Under Rule 11 of the Federal Rules of Criminal Procedure, a plea may not be accepted in a Federal Court without the Court first determining that the plea is made voluntarily and with an understanding of the nature of the charge. It seems apparent in the in-

stant case that the petitioner at the trial court level understood the nature of the charge against him and that he voluntarily entered his plea. Rule 11 prescribes the federal standard. It is evident in this case that the state met that standard that is equivalent to due process under the Fourteenth Amendment, and the petition must be and is denied.